# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:10-CR-477-KJD-LRL |
| v. | **ORDER** |
| DARYL PAGE, | |
| Defendant. | |

Before the Court is Defendant Daryl Page's ("Page") Motion Challenging Terms of Confinement Pursuant to U.S.C. 2241 (#34).

I. Background

Defendant pled guilty to Conspiracy to Commit Mail Fraud and Bank Fraud. He was sentenced to 24 months of custodial detention followed by three years of supervised release. Defendant was also held jointly and severally liable with co-Defendants for $1,506,500 in restitution.

II. Analysis

Defendant seeks to challenge the restitution payment because "Defendant [is] saddled with an amount that Defendant cannot possibly repay in a lifetime, but the restitution itself, regardless of the amount, was not apportioned in a manner reflecting his level of contribution to the victim loss." Defendant's argument is foreclosed because he expressly waived both appeal and collateral

challenges as to restitution in his plea agreement (#22, ¶¶ 27-28). Further, Defendant is incorrect that the amount was not apportioned correctly. Restitution in the full amount of the victims' loss is required without consideration of the economic circumstances of the Defendant. 18 U.S.C. § 3663A; 18 U.S.C. § 3664; U.S. Sentencing Guidelines Manual § 5E1.1. Further, if more than one defendant has contributed to the loss of a victim, "the court may make each defendant liable for payment of the full amount of restitution." 18 U.S.C. § 3664(h). Accordingly, the Court has fully complied with the Statutes, and Defendant's claims are DENIED.

Further, in Defendant's reply (#36), Defendant abandons the arguments originally asserted in his Motion (#34) and asserts new claims. Such practice deprives the Government of a meaningful opportunity to respond and is impermissible. See Tovar v. U.S. Postal Serv., 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Accordingly, the Court will not address the new arguments found in Defendant's reply.

III. Conclusion

**IT IS HEREBY ORDERED** that Defendant's Motion Challenging Terms of Confinement Pursuant to U.S.C. 2241 (#34) is **DENIED**.

DATED this 9th day of September 2013.

_____
Kent J. Dawson
United States District Judge